IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

J. RONALD DEJULIIS AND WADE HAMEL, in their capacity as trustees and fiduciaries for and on behalf of the OPERATING ENGINEERS LOCAL 37 HEALTH AND WELFARE FUND,

Plaintiffs,

v.

KINDER MORGAN BULK TERMINALS, INC.,

Defendant.

Civil Action No.: RDB 05-913

* * * * * * * * * * * * *

MEMORANDUM OPINION

This action arises out of a complaint that J. Ronald Dejuliis and Wade Hamel, in their capacity as trustees and fiduciaries for and on behalf of the Operating Engineers Local 37 Health and Welfare Fund ("Plaintiffs" or the "Health Fund") filed against Kinder Morgan Bulk Terminals, Inc. ("Kinder Morgan" or "Defendant"). Pending before this Court is Defendant's Motion for Summary Judgment. The sole issue raised by that motion is whether the phrase "each core force/regular full time employee" in a collective bargaining agreement means "each core force employee *and/or* regular full time employee" or "each core force, regular full time employee." Resolution of this dispute determines whether Defendant is required to make certain contributions to the Health Fund on a monthly or hourly basis. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The parties' submissions have been reviewed. A hearing was conducted on September 22, 2006. For the reasons stated below, Defendant's Motion for Summary Judgment is GRANTED.

## BACKGROUND

Kinder Morgan operates an ore loading and unloading facility on property that was once part of Bethlehem Steel Corporation's steel-making complex at Sparrows Point, Maryland. The Health Fund is a "multi-employer" health benefit fund that provides health insurance coverage to certain Kinder Morgan employees. The parties agree that the Health Fund is governed by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461 ("ERISA").

Kinder Morgan employs three types of employees that participate in the Health Fund.

- **Core force employees**: There are 12 full-time employees who are called the "core force" and are members of a single union: the International Union of Operating Engineers, Local 37 (the "OE Local 37").
- **Other full-time employees**: There are other full-time employees who are members of two unions: OE Local 37 and the United Steelworkers of America Local 09477-11 (the "Steelworkers Local 09477"). These employees are not part of the "core force."
- **Casual employees**: There are temporary or "casual" employees who belong to a single union: the Local 37.

The distinction between "core force" and other full-time employees results from the resolution of an old dispute between the OE Local 37 and the Steelworkers Local 09477.[1]

---

[1] As Plaintiffs explain:

> Eventually, to resolve the dispute formally, the two unions, Bethlehem Steel and Chesapeake agreed in an April 27, 1994 Letter Agreement that 12 of Chesapeake's full-time employees—the "core group"—would be hired from and represented by [the OE Local 37], and would receive their health benefits from the Health Fund. All full-time employees above the 12-member core group would be "dual-carded," meaning they would pay dues to [the OE Local 37] and [the Steelworkers Local 09477] and would be represented by both Unions, even though they would also be hired only from [the OE Local 37] and receive health benefits from the Health Fund.

(Pls.' Opp. pp. 3-4.)

Kinder Morgan and the OE Local 37 participate in the Health Fund pursuant to a collective -argaining agreement that became effective on June 1, 2003 (the "2003 Agreement"). A number of provisions in the 2003 Agreement are relevant to the dispute before this Court. For example, Kinder Morgan must make monthly contributions as follows:

> The Company shall make the monthly Health & Welfare contributions listed below to Local 37, I.U.O.E. for each core force/regular full time employee during the term he is a full time regular employee.

(2003 Agreement, App. 1, § 1.) Kinder Morgan must also make certain hourly contributions:

> The Company shall pay the amounts designated below for each hour of compensation for casual employees to Local 37, I.U.O.E.

(*Id.* at App. 1, § 3.) "Employee" is defined as follows:

> The term "employee" in this Agreement shall refer to certain full time and casual (temporary supplemental) operations and maintenance workers employed by Kinder Morgan . . . but shall exclude clerical, professional and managerial employees represented by the United Steel Workers Union."

(*Id.* at Art. 1, § 1.) Finally, the 2003 Agreement distinguishes between full-time and casual employees:

> The Company shall have a regular fulltime operations and maintenance employee workforce which will be comprised of a core group of 12 employees represented by the International Union of Operating Engineers, Local 37 and employees represented by the United Steel Workers of America, Local 09477-11 . . . From time to time, the Company may employ temporary casual employees through the hiring hall of Local 37 of the Union.

(*Id.* at Art. 1, § 2.)

STANDARD OF REVIEW

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when there is no genuine issue as to any material fact, and the moving party is plainly

entitled to judgment in its favor as a matter of law. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold*, Inc., 369 U.S. 654, 655 (1962)); *see also E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005). However, the opponent must bring forth evidence upon which a reasonable fact finder could rely. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). "Once the movant has established the absence of any genuine issue of material fact, the opposing party has an obligation to present some type of evidence to the court demonstrating the existence of an issue of fact." *Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 246-47 (4th Cir. 2005) (citing *Pine Ridge Coal Co. v. Local 8377, UMW,* 187 F.3d 415, 422 (4th Cir. 1999)). Rule 56(e) also requires that "affidavits submitted by the party defending against a summary-judgment motion contain specific facts, admissible in evidence, from an affiant competent to testify, 'showing that there is a genuine issue for trial.'" *Id.* (quoting 10B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2740, 399 (3d ed. 1998)). The mere existence of a "scintilla" of evidence in support of the nonmoving party's case is not sufficient to preclude an

order granting summary judgment. *Anderson*, 477 U.S. at 252.

This Court has previously held that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted). Indeed, this Court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)).

DISCUSSION

The central issue in this case concerns the meaning of the phrase "each core force/regular full time employee" in the following provision of the 2003 Agreement:

> The Company shall make the monthly Health & Welfare contributions listed below to Local 37, I.U.O.E. for *each core force/regular full time employee* during the term he is a full time regular employee.

(2003 Agreement, App. 1, § 1 (emphasis added).) Plaintiffs contend that the above phrase is ambiguous and can be interpreted to mean "each core force, regular full time employee." In contrast, Defendant argues that the phrase at issue is not ambiguous and means "each core force employee and/or regular full time employee." This dispute matters because its resolution determines the type of contribution—hourly or monthly—that Defendant must make with respect to full-time employees who are not part of the core force.[2]

---

[2] Plaintiffs' opposition papers suggest that monthly contributions for full-time employees can amount to a "great deal" for the participating employer under certain circumstances:

> Providing a monthly rate to Chesapeake for the "core group" was a "great deal" for Chesapeake because, accordingly to Mr. J. Ronald DeJuliis, the Health Fund's President: "You restrict the amount of

Having reviewed the submissions and heard argument from both parties, this Court is convinced that the phrase "each core force/regular full time employee" is not ambiguous. By agreeing to this language, the parties established that Kinder Morgan would contribute to the Health Fund on a monthly basis with respect to all of its full-time employees, *i.e.*, "core force" employees and other full-time employees who are not part of the core force. This conclusion is supported by the following points.

First, the plain meaning of a virgule ("/") is to separate alternatives, *e.g.*, "and/or."[3] It follows that—unless the parties used the "/" or virgule in some special sense—the phrase "each core force/regular full time employee" is equivalent to "each core force *and/or* regular full time employee." Understanding the phrase this way is consistent with requiring Kinder Morgan to make monthly contributions for its "core force" employees and its other full-time employees. Moreover, the many other uses of a "/" or virgule in the 2003 Agreement confirm that the parties

> hours the contributions are being paid on. Most of the people down there work in excess of 2,080 hours, and on a very good year it could be approaching 3,000 hours. So, in essence, it could be, in some cases, 1,000 hours of contributions that we were not receiving."

(Pls.' Opp. pp. 2-3 (citing DeJuliis Dep. pp. 54-55).)

[3] *See, e.g.*, The American Heritage Dictionary, p. 1350 (Second College Edition 1982) (defining "virgule" as "[a] diagonal mark (/) used esp. to separate alternatives, as in *and/or*. . . ."); *Dynalectron Corp. v. Equitable Trust Co.*, 704 F.2d 737, 739 n.3 (4th Cir. 1983) ("[I]n modern printing and writing, a short slanting stroke drawn between two words, usually and and or (thus, and/or), and indicating that either may be used by the reader to interpret the sense.") (quoting Webster's New International Dictionary, Second Edition, Unabridged (1961)); *Heritage Bank v. Redcom Laboratories, Inc.*, 250 F.3d 319, 326 (5th Cir. 2001) (noting that "virgule" is defined as "[a] diagonal mark (/) used especially to separate alternatives") (quoting American Heritage Dictionary of the English Language, p. 1922 (4th ed. 2000)).

did not use this typographical symbol in a special sense.[4]

Second, Plaintiffs fail to demonstrate that the phrase "each core force/regular full time employee" is ambiguous. In their opposition papers, Plaintiffs contend that Defendant's focus on the factual background leading up to the 2003 Agreement constitutes an "admi[ssion] that the 2003 Agreement is ambiguous." (Pls' Opp. p. 7.) Plaintiffs also suggest that examination of "parol evidence, including prior contract and negotiations" confirms that the 2003 Agreement is ambiguous. (*Id.* at p. 8.) This Court rejects those arguments for the simple reason that they rely exclusively on extrinsic evidence for the conclusion that language in the 2003 Agreement is ambiguous.[5]

At the hearing, Plaintiffs also suggested that the 2003 Agreement obligates Kinder Morgan to make monthly contributions *only* with respect to the twelve "core force" employees.

---

[4] The 2003 Agreement contains approximately 38 uses of a "/" or virgule. In the vast majority of those cases, the "/" or virgule is used to separate alternatives. (*See* 2003 Agreement Art. 1, § 1 (describing employees as working "on the Bethlehem Steel/former Bethlehem Steel site"); Art. 10, § 3 (providing vehicle allowances for select employees to "perform Company supervisory/group leader and/or maintenance business"); Art. 13, § 10 (describing procedures for "that same situation/grievance/incident"). On two occasions, however, the "/" or virgule is used in another sense. (*Id.* at App. 2, § 1 ("$1.00 / hour" and "50 cents / hour").)

[5] As the United States Court of Appeals for the Seventh Circuit has noted in a similar context:

> Although extrinsic evidence is admissible to show that a written contract which looks clear is actually ambiguous, perhaps because the parties were using words in a special sense, there must be either contractual language on which to hang the label of ambiguous or some yawning void that cries out for an implied term. Extrinsic evidence should not be used to add terms to a contract that is plausibly complete without them.

*Bidlack v. Wheelabrator Corp.*, 993 F.2d 603, 608 (7th Cir. 1993) (citations omitted).

This argument focuses on the following provision:

> The Company shall have a regular fulltime operations and maintenance employee workforce which will be comprised of a core group of 12 employees represented by the International Union of Operating Engineers, Local 37 and employees represented by the United Steel Workers of America, Local 09477-11. . . .

(2003 Agreement, Art. 1, § 2.) Plaintiffs contend that the number "12" in the above provision is rendered meaningless by the interpretation advocated by Defendant. (*See* Pls' Opp. pp. 9-10.) This argument assumes, however, that "12" in the above language restricts *all* full-time employees, not just the "core force" employees. There is no support for this assumption. In contrast, by providing that full-time employees are "comprised of" a group of 12 employees represented by OE Local 37 "and" employees represented by the Steelworkers Local 09477, the 2003 Agreement confirms that the number 12 restricts *just* the "core force" employees, not all full-time employees.

Third, Plaintiffs' proposed interpretation of the phrase "each core force/regular full time employee" is simply unreasonable. Plaintiffs contend that:

> On its face, the phrase "each core force/regular full time employee" could be construed to mean "each core force, regular full time employee" or "each core force and regular full time employee." In the former construction, the 2003 Agreement would refer only to the 12 core force employees, while in the latter it would refer to all full time employees, including the core force. Thus, the language, on its face, is open to two reasonable, opposing interpretations, which makes it ambiguous.

(Pls' Opp. p. 8.) This argument is simply illogical in the view of this Court. The Plaintiffs' interpretation of the phrase "core force/regular full time employee" would result in the 2003 Agreement covering core force employees but not other full-time employees. However, there is no reasonable dispute that the 2003 Agreement covers both "core-force" employees and other

full-time employees.[6]

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment is GRANTED.

A separate Order and Judgment follows.

Dated: September 25, 2006

/s/ [signature]
Richard D. Bennett
United States District Judge

---

6 This point is established by considering the two unions discussed in the 2003 Agreement. The parties do not dispute that "core force" employees are only represented by the OE Local 37 while other full-time employees are represented by the OE Local 37 and the Steelworkers Local 09477. If the 2003 Agreement covered only "core force" employees—as Plaintiffs contend—then obviously there would be no need to reference full-time employees who belong to the Steelworkers Local 09477. The 2003 Agreement, however, specifically discusses full-time employees who belong to the Steelworkers Local 09477. (*See* 2003 Agreement, Art. 1, § 2 (discussing "regular fulltime operations and maintenance employee workforce" comprised in part of employees "represented by the United Steel Workers of America, Local 09477-11. . .").)